UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


PAUL ROBERT GERMANO

     v.                                   PRISONER
                                        CASE NO. 3:09cv1316 (SRU)

WARDEN JAMES DZURENDA, ET AL.


INITIAL REVIEW ORDER

      Paul Robert Germano, currently incarcerated at Garner Correctional Institution in

Newtown, Connecticut, filed this complaint pursuant 42 U.S.C. §§ 1983, 1985, 1986 and 1988

against Drs. Oliveira, Kristine Matthews and Dan Bannish, Nurses Kathy Cassidy and Kathy

Benner, Counselor Palmieri, Clinical Social Worker Bill Kompare, Warden James Dzurenda,

District Administrator Mark Strange and Director Patricia Ottolini.  Under 28 U.S.C. § 1915A

(2000), the court must review prisoner civil complaints and dismiss any portion of the complaint

that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief.  *Id.*

      In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and

interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

The plausibility standard is not akin to a probability requirement, but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.

Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  But "'[a] document filed

*pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*,

521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Germano alleges that, during his incarceration at Garner beginning on March 23, 2007, he

suffered from borderline personality disorder and made several attempts to commit suicide.  He

asserts that the defendants were deliberately indifferent to his mental health condition and

subjected him to unconstitutional conditions of confinement.  In addition, the defendants

transferred Germano from the top tier in H-Unit in retaliation for Germano's complaints about

medical staff.  Germano seeks monetary damages and injunctive and declaratory relief.

To state a claim under section 1983, the plaintiff must allege facts showing that the

defendant, a person acting under color of state, law deprived him of a federally protected right.

*See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).   All claims for damages against the

defendants in their official capacities are barred by the Eleventh Amendment and are dismissed

pursuant to 28 U.S.C. § 1915A(b)(2).  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh

Amendment, which protects the state from suits for monetary relief, also protects state officials

sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section

1983 does not override a state's Eleventh Amendment immunity).

The allegations, as construed above, warrant service of the complaint on the defendants in

their individual capacities, and their official capacities to the extent that Germano seeks

injunctive and declaratory relief.  Accordingly, the Eighth Amendment claims of deliberate

indifference to medical and mental health needs, unconstitutional conditions of confinement,

conspiracy, retaliation and the Fourteenth Amendment Due Process claims shall proceed against all defendants in their individual capacities, and in their official capacities to the extent that Germano seeks injunctive and declaratory relief.

Germano also brings this action pursuant to 42 U.S.C. §§ 1985, 1986 and 1988.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  Germano is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.   Thus, the first two subsections of 42 U.S.C. § 1985 are inapplicable to this action.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws.  In order to state a claim pursuant to this provision, plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  *Iqbal*, 490 F.3d at 176.  Importantly, plaintiff must allege and later prove that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  *Id.*  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Germano alleges no facts suggesting that the actions of any defendant were taken because of his race or other discriminatory animus and does not include facts to support an equal protection claim.  Thus, he fails to state a claim cognizable under section 1985(3).  The section 1985 claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1986 provides relief only if "any of the wrongs conspired to be done, and mentioned in section 1985 of this title" are actually "committed."  42 U.S.C. § 1986.  In other words, "a § 1986 claims must be predicated on a valid § 1985 claim."  *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)).  Because Germano's section 1985 claim fails, the section 1986 claim must be dismissed as well pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law, where applicable, or state law.  That section, however, does not provide an independent cause of action.  *Moor v. Alameda County*, 411 U.S. 693, 702-06, *reh'g denied*, 412 U.S. 963 (1973).  If Germano is seeking attorneys' fees pursuant to section 1988(b), his claim fails.  A *pro se* litigant is not entitled to attorneys' fees under section 1988. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).  Any section 1988 claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The claims for monetary damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the claims asserted under 42 U.S.C. §§ 1985, 1986 and 1988 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2) The Eighth Amendment claims of deliberate indifference to medical and mental health needs and unconstitutional conditions of confinement, the claims of conspiracy and retaliation, the Fourteenth Amendment Due Process claims and pendant state law claims shall proceed against all defendants in their individual capacities, and in their official capacities to the extent that plaintiff seeks injunctive and declaratory relief.  After defendants have responded to

the complaint, plaintiff may not amend his complaint to include additional claims or defendants without first obtaining leave of court.

(3)     Within **ten (10) business days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4)     Within **ten (10) business days of this Order**, **the Clerk** shall verify the current work address for each defendant and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(6)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(7)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(8)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need

not be filed with the court.

      (9)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

      (10)    Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      **SO ORDERED** at Bridgeport Connecticut this 28th day of October 2009.


       /s/ Stefan R. Underhill           
         Stefan R. Underhill
         United States District Judge