UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL ROBERT GERMANO

v.                                         PRISONER
                                           CASE NO. 3:09cv1316 (SRU)

WARDEN JAMES DZURENDA, ET AL.

RULING ON PENDING MOTIONS

Paul Robert Germano, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, filed an amended complaint on December 7, 2009 against various individuals including: Pat Morris, Richard Bush, Helfand, Douglas, Nick Seri, Judy Malloy, Tony Puco, Marmora, Travogline, Buchanan, Castro, Mark Strange, Kathy Benner, Dan Bannish, James Dzurenda, Kathy Cassidy, Oliveira, Kristine Matthews, Palmieri, Bill Kompare, and Patricia Ottollini. In the court's initial review order (doc. # 4), it was determined that his claims include: Eighth Amendment claims of deliberate indifference to medical and mental health needs and unconstitutional conditions of confinement, claims of conspiracy and retaliation, Fourteenth Amendment Due Process claims and pendant state law claims. The claims are proceeding against all defendants in their individual capacities, and in their official capacities to the extent that plaintiff seeks injunctive and declaratory relief.

## I.     Doc. # 34

On April 16, 2010, Germano filed a "motion for default judgment" (**doc. # 34**) against "Kathy Cassidy" and "Dr. Oliveira." The court is treating the motion as a motion for default entry pursuant to Federal Rule of Civil Procedure 55(a). The rule provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Germano asserts that Assistant Attorney General Ann Lynch has not entered an appearance for Cassidy or Oliveira. (Germano Aff., doc. # 34, ¶¶ 4-8.) Whatever the status was of the appearances on April 16, 2010 when Germano made his motion, indisputably on April 26, 2010, Attorney Lynch entered an appearance on behalf of those two defendants (doc. # 36), who then joined in the pending motion to dismiss and memorandum in opposition to plaintiff's pending motion for a temporary restraining order. Accordingly, the motion for default entry is **DENIED**.

II.     Doc. # 37

Germano has filed a motion for extension of time until November 21, 2010 to conduct discovery. That motion is **GRANTED**. Accordingly, dispositive motions shall be filed by December 21, 2010.

III.    Doc. # 18

Germano has filed a motion for a Temporary Restraining Order and a Preliminary Injunction requesting that his medical providers be ordered to permanently continue Germano's "single cell status." The defendants responded in opposition to the motion (docs. ## 21, 22).

Temporary restraining orders are governed by Fed. R. Civ. P. 65(b). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Pan Am. World Airways, Inc. v. Flight Engineers' Intern. Ass'n, PAA*, 306 F.2d 840, 842 (2d Cir. 1962).

A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly. *See, e.g.*, *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33-34

(2d Cir. 1991).  The standard for a temporary restraining order in this Circuit is the same as for a preliminary injunction.  *See, e.g.*, *Local 1814 Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n. Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).  The standard for a preliminary injunction is well established: "a preliminary injunction may be granted only upon a demonstration of irreparable harm, and either (1) a likelihood of success on the merits of the case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party."  *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779-80 (2d Cir. 1994) (quotations, brackets, and citations omitted).

A common formulation of the test for Rule 65(a) (preliminary injunction) is that the four most important factors are: (1) the significant of the threat of irreparable harm to plaintiff if the injunction is not granted; (2) the state of the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.  11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948 (2d ed. 1995).

Germano's motion shows that at the time it was made, Germano had single cell status. Additionally, the defendants filed an affidavit from Dr. Tod Bogdanoff (doc. # 28-2), a physician employed by the Connecticut Department of Corrections, that indicates Germano is currently housed in a single cell.  (*Id.* ¶ 5.) The affidavit indicates that the current treatment plan for Germano includes housing him in a single cell.  (*Id.* ¶¶ 9, 14.)

Germano's motion fails because there is no demonstration of irreparable harm.  Germano currently has the "single cell" status he seeks.  The affidavits of treating physicians show that Germano requires treatment and monitoring by his treating physicians.  There is a potential for

3

harm to Germano if I interfere with his health care treatment. Accordingly, the motion for a preliminary or permanent injunction is **DENIED**.

**IV.     Docs. # 22, 41**

Germano has filed a Motion to Appoint Counsel; he seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. Although he raises many concerns in his motion, one main concern appears to be that Germano wanted to be represented by counsel during his own deposition. For the reasons set forth below, the motion is denied.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991). The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, *see, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997), and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 173-74 (2d Cir. 1989). The court first should determine whether plaintiff's position is likely to be of substance.

If that test is met, the court should proceed to consider the remaining criteria, such as plaintiff's ability to prosecute the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity. *See id*. at 172. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.*; *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

The defendants have filed a motion to dismiss this action, arguing that Germano's

complaint fails to state a claim for which relief can be granted. Although the court makes no decision on the ultimate merits of this action, based on the limited record before the court, including the affidavit and the defendant's motion to dismiss, the appointment of counsel is not warranted at this time. Should further development of the record indicate that Germano's claim has likely merit, the court will consider appointing counsel in the future.

The motions for appointment of counsel are **DENIED** without prejudice to renew at a subsequent stage of litigation.

V.     Doc. # 46

Like Germano's motion to appoint counsel, until the defendants' motion to dismiss is ruled upon, Germano's motion for a settlement conference is premature. For the reasons described above, his motion for a settlement conference is **DENIED** without prejudice to refiling at a later date.

VI.     Doc. # 48

The defendants have filed a motion for extension of time until August 2, 2010 to file a response/reply as to Germano's motion for access to research materials. The defendants filed an opposition on July 21, 2010. Accordingly, the motion is **DENIED AS MOOT**.

VII     Conclusion

For the forgoing reasons, **docs. ## 18, 22, 34, 41, 46, 48** are **DENIED** as described above; doc. # 37 is **GRANTED**.

It is **SO ORDERED** at Bridgeport, Connecticut this 20th day of August 2010.

                                                     /s/ Stefan R. Underhill
                                                    Stefan R. Underhill
                                                    United States District Judge