UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL GERMANO         :
                     :
    v.               :     Case No. 3:09CV1316 (SRU) (WIG)
                     :
JAMES DZURENDA, ET AL.  :

**RULING ON PENDING MOTIONS**

Currently before the court are three motions for injunctive relief. For the reasons set forth below, the motions are denied.

**I.  Letter Motion Seeking Injunctive Relief [Doc. No. 47]**

In a letter addressed to the court, the plaintiff asserts that in January 2009 Attorney Igor Sikorsky sent him ten books. Five of the ten books included information about mental health disorders and the treatment of those disorders. On March 3, 2009, those books were confiscated by prison officials. On March 19, 2009, prison officials returned five of the ten books, but the plaintiff was informed that the other five books would not be returned because they violated the safety and security of the prison. The plaintiff appealed the confiscation of these books. The plaintiff's grievances regarding the books have been denied.

In this circuit the standard for injunctive relief is well-established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

1

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition that must be demonstrated. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

"Violations of First Amendment rights are commonly considered irreparable injuries for the purposes of a preliminary injunction." *Berry v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996). The defendants' confiscation of the plaintiff's books may constitute a First Amendment violation. *See Beard v. Banks*, 548 U.S. 521, 528-29 (2006) (applying First Amendment analysis where prison restricted plaintiffs' access to newspapers, magazines, and photographs); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (overturning dismissal of plaintiff's complaint that alleged First Amendment violation where prison officials confiscated nude photographs that had been mailed to him).

When a prison official's actions impinge a prisoner's First Amendment rights, the court must determine whether the actions are "reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). In determining the reasonableness of the prison official's actions, courts will examine whether the government's objection is legitimate and neutral, whether the prisoners have alternate means of exercising their rights, what impact the accommodation of the right would have on guards and other inmates, and whether there are ready alternatives to the official's actions. *Id*. at 89-91.

Dzurenda has submitted an affidavit stating that he removed the books from Germano's possession because he was concerned that Germano "would attempt to manipulate his Mental Health diagnosis in order to obtain certain medications." Such a rationale is "reasonably related to legitimate penological interests" as required by *Turner*.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 72 (2d Cir. 1992). Germano appears to dispute Dzurenda's stated rationale for removing the books, but does not indicate that he has any evidence he could offer at an evidentiary hearing. Because he does not appear able to offer any evidence to support his claims, the plaintiff's motion for a preliminary injunction, doc. 47, is **denied without prejudice**.[1] The plaintiff may renew this motion if he discovers evidence that refutes Dzurenda's stated reason for confiscating his books.

## II. Motions for Preliminary Injunction [Doc. Nos. 57, 61]

In the second and third motions for injunctive relief, the plaintiff seeks an order directing the Department of Correction to make copies of his legal documents and to mail his legal documents for free.[2] He claims that he has found it difficult to litigate this case because the

---

[1] The plaintiff also appears to argue that the confiscation of his books has created a violation of the First Amendment right to access of the courts. The plaintiff has not sufficiently alleged that he has been prejudiced by lack of access to the five mental health textbooks. The plaintiff has filed numerous discovery requests, and many motions to this court. Furthermore, the plaintiff's arguments about his ability to present evidence at trial are speculative as well as premature.

[2] The third motion for injunctive relief [Doc. No. 61] is entitled "Plaintiff's Motion in Opposition to Defendants' Memorandum of Law in Opposition to Plaintiff's Request for Temporary Restraining Order." Although the title includes the word motion, it is actually a reply to defendants' memorandum in opposition to the second motion for injunctive relief and seeks no additional relief. Because it has been docketed as a motion, the court construes it as a seeking the same relief as the second motion for injunctive relief.

Department of Correction requires those inmates whose accounts contain $5.00 or less to wait ninety days before they are considered to be indigent and entitled to free postage and copies.

The plaintiff concedes that he receives gifts from his family in amounts of $100.00 to $400.00 per month and his prisoner account statement verifies those deposits. In fact, the day the plaintiff filed his second motion for injunctive relief, September 9, 2010, $200.00 was deposited into his prisoner account. Thus, it is apparent that the plaintiff possessed sufficient funds to cover the costs of copying and mailing legal documents. Although the plaintiff claims that there was a delay in the mailing of some discovery requests to the defendants, he acknowledges that those discovery requests were eventually mailed to and received by the defendants. In addition, the plaintiff has not alleged that the court has granted a motion, or otherwise ruled against him, due to his failure to respond to it in a timely manner. Thus, the court concludes that the plaintiff has failed to assert facts to demonstrate that he has suffered actual injury or prejudice as a result of the delays in copying and mailing his legal documents. Accordingly, the plaintiff is not entitled to the injunctive relief he seeks and the motions are **denied**.

**Conclusion**

The Motions for Injunctive Relief [**Docs. Nos. 47, 57, 61**] are **DENIED**.

SO ORDERED this 30th day of March 2011, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge